28    APPELLATE COURTS OF ILLINOIS.

VOL. 36.]   City of Carlyle v. Carlyle Water, Light & Power Co.

THE CITY OF CARLYLE

V.

THE CARLYLE WATER, LIGHT AND POWER COMPANY.

*Municipal Corporations—Contract for Furnishing Water—Assignment of—Pleading—*Res Adjudicata.

1. A judgment for costs against the assignor of a contract to furnish a city with water, brought after the assignment, is no bar to a subsequent suit on the contract by the assignee.

2. In the case at bar it is held that a contract by a city to pay a company, "or its successors and assigns," for furnishing water to the city, was legally assigned.

3. The statutory provisions touching the mode of assigning negotiable instruments are not applicable to the assignment of such a contract.

[Opinion filed June 13, 1890.]

APPEAL from the Circuit Court of Clinton County; the Hon. BENJ. R. BURROUGHS, Judge, presiding.

Messrs. J. J. McGAFFIGAN and BELL & GREEN, for appellant.

Messrs. VAN HOOREBEKE & FORD and M. P. MURRAY, for appellee.

GREEN, J.   This cause was before us at the August term, 1888; the judgment of the Circuit Court was then reversed and the cause remanded.

In the court below a jury was waived, the cause was tried

by the court.   The issues were found for the plaintiff.   Judgment on the finding was rendered against defendant for $1,142.60 damages and costs of suit, to reverse which defendant took his appeal.

Inasmuch as most of the errors assigned upon this record were disposed of by the former decision, so far as this court could do so, we have but little to add in this opinion to what was said in the former opinion.   Three points, however, are presented on behalf of appellant, claimed to be new and additional grounds for reversing this judgment, and not urged or considered heretofore, which we are invited to examine and pass upon.

First:   It is insisted the Circuit Court erred in not permitting defendant to file a plea of former recovery tendered by it, and that denying such permission was an abuse of the discretionary power of the court, to the injury of defendant, that requires a reversal.   The former recovery pleaded, was a judgment for costs against the Water, Light and Power Company of St. Louis, in a suit brought by it for the use of appellee against appellant, for the same causes of action sued for in the present case.   But the record discloses the fact that long before and at the time the St. Louis company brought that suit, it had sold and conveyed the water works plant and assigned the contract and franchise to appellee and put it in possession of the entire works, and had no right to recover or maintain a suit for the recovery of the water rents, or any part thereof.   Hence the judgment pleaded might well have gone against the St. Louis company, and yet plaintiff not be thereby estopped or barred of its right to sue for and recover upon the same causes of action.   If this is so, it follows the defense set up by that plea would have been no bar, and refusing permission to interpose it, worked no injury.

Second:   Appellant contends that appellee has not the legal right of action, because the contract upon which the suit is brought is not assignable at law, and if assignable, no assignment of it was made such as the law recognizes.

The city ordinance is the contract.   It is between the City of Carlyle of the one part, and the Water, Light and Power

30    APPELLATE COURTS OF ILLINOIS.

VOL. 36.]    City of Carlyle v. Carlyle Water, Light & Power Co.

Company of St. Louis, *its successors and assigns*, of the other part. The franchise is granted to it and its successors and assigns. The obligations assumed by it are imposed upon *its successors and assigns*, and the covenant of the city is to pay water rents, not to the St. Louis company alone, but to *its successors and assigns*. The plain meaning of the contract is, if the St. Louis company owned the plant and furnished the water it should receive the pay therefor. If its successor or assign furnished the water, the covenant is to pay such successor or assign for the same. When the works were tested and accepted, and at and during the time all the rents sued for accrued, appellee owned the real estate upon which the plant was built, and the contract and franchise had been transferred and assigned to it by the St. Louis company—not by indorsement upon the city ordinance, it is true, but, as we think, by a mode sufficient in law to effect the purpose of transfer and assignment and constitute the appellee an assign, as understood and intended by the parties to the contract. The appellant thenceforth dealt with appellee as such owner and assign, and must be held to the performance of its covenant to pay it as the successor and assign of the St. Louis company in accordance with the true intent and meaning of the contract, and a failure to make such payment to appellee constituted a breach of the contract, for which, and the damages by reason thereof, appellee had the right to institute and maintain this suit. We do not understand the statutory provisions touching the assigning and mode of assigning negotiable instruments are applicable, but think the case of Smith et al. v. Hallett, 34 Ind. 519, cited on behalf of appellee, is in point. It was a suit brought to recover the amount of defendant's subscription in writing which he promised to pay Lord *or his assigns*, upon condition Lord *or his assigns* should construct, or cause to be constructed a railroad, upon a certain line, etc. Lord assigned the contract, or subscription paper, by a separate instrument to a certain railroad company, and the company assigned it to the plaintiff.

The performance of the conditions of subscription was averred, and plaintiff's right to sue in his own name was raised by demurrer.

The court say: "Defendant must be held to the performance of the contract according to the intention of the parties thereto, to be discovered by a consideration of all its parts." If it had been intended that no one else could be substituted for Lord, it would not have been said that said sums of money were to be paid when Lord or *his assigns* shall have completed the contract, and then, in the body of the contract the agreement is to pay "Lord *or his assigns.*" "There is nothing in the substance of the transaction which indicates in any way it was regarded as essential that Lord should construct the road. The object seems to have been to secure the construction of the road upon the specified route, and when that was done defendant got what he contracted for, and became liable to pay the amount he had promised."

Third. It is insisted the 8-inch, 6-inch and 4-inch water pipes were less in interior measurement than as required by the contract, hence no recovery could legally be had. We think there was ample evidence to justify the court in finding that 8-inch, 6-inch and 4-inch pipe of *standard* weight, as provided by the contract, was furnished, and this point is not sustained by the record. No error appears requiring us to reverse the judgment of the Circuit Court, and the same is affirmed.

*Judgment affirmed.*